OPINION
{¶ 1} In these consolidated appeals, David A. Doerr appeals from (1) the trial court's decision and entry overruling his motion for a reduction in spousal support and finding him in contempt of court for non-payment, (2) the trial court's entry sustaining his motion for a stay of execution of his jail sentence for contempt but making the stay contingent on the posting of a $7,000 bond, and (3) the trial court's later decision and order directing him to begin serving his jail sentence for contempt.
 {¶ 2} Before turning to David's assignments of error, we briefly will set forth the factual and procedural history of the case. The record reflects that the David and Vera Doerr were married in 1980 while David was employed by the United States Air Force. The parties entered into a separation agreement in 1997. At that time, David agreed Vera would need and receive sustenance and rehabilitative spousal support for at least seven years. (Doc. #25 at 2; Doc. #30). Although the support obligation was set at $808 per month, the separation agreement contemplated the amount changing upon the filing of a formal divorce action. (Doc. #32 at 3). When he entered into the agreement, David knew he would not be able to meet his spousal support obligation without obtaining full-time employment after his retirement from the military. (Doc. #25 at 2; Doc. #30).
 {¶ 3} On April 25, 2000, David filed a complaint for divorce. (Doc. #1). At that time, he remained employed as a sergeant in the military. (Doc. #15 at 2). The trial court entered a final judgment and decree of divorce on April 10, 2002. (Doc. #38). By that time, David had retired from the military and was employed by Humana Health Care at an annual salary of $55,000. (Doc. #32 at 3). As for Vera, she was employed at a salary of $23, 568 per year. David also drew a military retirement of $28,000, and the trial court found Vera entitled to 34.6 percent of this amount. (Doc. #38 at 5; Doc. #32 at 3). Based on these figures, the trial court increased David's spousal support obligation to $1,146 per month for the remainder of the seven-year term, which was to expire in December 2004. (Doc. #38 at 2). The trial court made the modification effective August 22, 2001. (Id. at 3). Finally, the trial court's final judgment and decree of divorce stated: "The [p]arties are reminded that receipt of [Vera's] portion of the military pension will result in a change of circumstances to both [p]arties." (Id.).
 {¶ 4} Thereafter, on May 16, 2002, David moved to reduce his spousal support obligation. (Doc. #44). He argued that Vera had begun receiving military retirement benefits of $541 per month, which constituted a substantial change of circumstances. (Id.). Following a hearing, a magistrate overruled David's motion in an August 4, 2003, decision and order. (Doc. #64). In her ruling, the magistrate found David "voluntarily underemployed," noting that he had quit his $55,000 per year job after filing his motion and had applied for and received a "VA disability waiver," which reduced his monthly military pension by $810.[1] (Id.) Although David still received the $810 per month, he received it in the form of disability benefits as opposed to military retirement benefits. From Vera's perspective, this change was significant because federal law prohibited her from obtaining a portion of the VA disability benefits, whereas she had been entitled to a share of the $810 per month when David had received it in the form of military retirement benefits. In her ruling, the magistrate also noted that, as a result of the VA disability waiver, Vera was no longer receiving any portion of David's military retirement "because the combined amount of court ordered spousal support and [Vera's] coverture fraction [of the retirement benefits] was over the 55% federal guidelines [limit] for garnishment."' The magistrate also recommended finding David in contempt for failing to pay Vera her spousal support and military retirement benefits. (Id. at 3-4).
 {¶ 5} David subsequently filed objections to the magistrate's ruling. (Doc. #65). The trial court overruled most of the objections but modified the magistrate's contempt recommendation by setting a hearing to determine David's spousal support and military retirement benefits arrearage. The trial court also noted that David could purge the contempt by satisfying the arrearage. (Id. at 4-5).Thereafter, the trial court filed an entry setting David's spousal support arrearage at $7,061.31 plus administrative fees of $667.09 and his military retirement arrearage at $12,397.14. (Doc. #73). As for the contempt issue, the trial court stated that it would consider suspending David's thirty-day jail sentence and permit him to purge the contempt by paying the full arrearage. (Id.). The trial court added that it would allow David to submit a proposed payment schedule to satisfy the arrearage over a reasonable time. (Id. at 2). David responded with a motion for a stay of execution of his sentence on the contempt issue. (Doc. #77). In that filing, he included the following proposed payment schedule for the arrearage: "The Plaintiff will pay from his VA disability income $100.00 per month toward the arrearages. The Plaintiff's obligation for spousal support ends December 2004. At that point the court can continue to receive the maximum amount from the Plaintiff's military retirement to pay the arrearages. This will pay approximately $350-$400 per month." (Id. at 2).
 {¶ 6} The trial court sustained David's motion for a stay pending appeal but made the stay contingent on the posting of a $7,000 appeal bond. (Doc. #78). Shortly thereafter, the trial court filed an entry in which it found that David (1) had not paid the arrearage discussed above, (2) had not posted the appeal bond, and (3) had not submitted a payment plan on the arrearage issue. (Doc. #85). As a result, the trial court ordered David to begin serving his sentence. The trial court later issued a warrant for his arrest.
 {¶ 7} David advances a total of nine assignments of error on appeal. First, he contends the trial court abused its discretion in adopting the magistrate's finding that he was underemployed. Second, he claims the trial court abused its discretion in failing to reduce his spousal support obligation. Third, he asserts that his right to a reduction of spousal support was res judicata. Fourth, he argues that the trial court had no "jurisdiction over" his VA disability. Fifth, he contends the trial court abused its discretion in finding him in contempt. Sixth, he claims the trial court abused its discretion by ordering him incarcerated without a hearing on his ability to pay his arrearage and a determination that his failure to pay was willful. Seventh, he asserts that the trial court lacked jurisdiction to order him jailed for contempt. Eighth, he argues that the trial court abused its discretion by finding that he failed to file a plan for repayment of his arrearage. Ninth, he again alleges that the trial court abused its discretion by ordering him incarcerated without a hearing on his ability to pay the arrearage.
 {¶ 8} Upon review, we find no merit in David's first assignment of error. The record contains evidence from which the magistrate and the trial court could have found that David was underemployed. At the time of the divorce decree, David was working in the health-care industry earning $55,000 per year despite a fifty-percent VA disability. Although this job required ten to twelve-hour days and was too stressful (Feb. 5, 2004, transcript at Pl. Exh. 2), a subsequent vocational evaluation prepared by Dr. Kenneth Manges supports a finding that David was able to work in other well-paying jobs. (Id. at Def. Exh. B). Accordingly, we find no abuse of discretion by the trial court and we overrule David's first assignment of error.
 {¶ 9} We are equally unpersuaded by David's second assignment of error. His argument that the trial court should have reduced his spousal support obligation relies on the premise that he was not underemployed. As noted above, however, the trial court did not abuse its discretion in concluding otherwise. David's second assignment of error is overruled.
 {¶ 10} In his third assignment of error, David argues that his entitlement to a reduction in spousal support is res judicata. This argument focuses on the trial court's statement, in the divorce decree, that "receipt of [Vera's] portion of the military pension will result in a change of circumstances to both [p]arties." David cites this statement as a judicial finding that he would be entitled to a reduction in spousal support once Vera began receiving her share of his military retirement benefits. We disagree. David's argument is one of collateral estoppel or issue preclusion, which precludes re-litigation of an issue "actually and necessarily" determined in a prior action. In re Kelley (Dec. 15, 2000), Champaign App. No. 2000-CA-14. The trial court's observation that Vera's future receipt of military retirement benefits would result in a change of circumstances was not necessary to the issues resolved in the divorce decree. The statement was dicta to which collateral estoppel does not apply. More importantly, even if Vera's receipt of military retirement benefits constituted a substantial change of circumstances it does not follow that David automatically was entitled to a reduction in spousal support. While a substantial change in circumstances is a necessary predicate to the modification of a spousal support award, it does not compel modification. In the present case, the magistrate and the trial court found modification unwarranted given that David was underemployed and had reduced Vera's available share of military retirement benefits. These were relevant considerations, and we find no abuse of discretion. David's third assignment of error is overruled.
 {¶ 11} We find merit, however, in David's fourth assignment of error. There he challenges the trial court's ability to award Vera a portion of his VA disability pay. In a February 9, 2004, entry and order computing David's arrearage on Vera's spousal support and military retirement benefits, the trial court stated:
 {¶ 12} "As to the retirement benefits owed by the Plaintiff to the Defendant, the Court finds consistent with the previous Decisions of the Court that the Plaintiff owes to the Defendant 34.6% of his monthly retirement benefit. The Court further finds that the Plaintiff owes this amount calculated by taking the rate of the VA Disability which existed at the time of the final decree in this matter and subtracting that from the Plaintiff's gross retirement benefit. As previously found by the Court, the Plaintiff's voluntary action of increasing his VA Disability will not be allowed to affect the net amount of retirement pay due to the Plaintiff." (Doc. #73 at 1).
 {¶ 13} At the time of the divorce decree, David was deemed fifty percent disabled by the federal government. After the divorce decree was filed, however, David obtained an increase in his disability rating to sixty percent. This ten-percent increase resulted in David obtaining additional disability benefits, but it reduced his military retirement benefits dollar-for-dollar. Although David's total benefits remained the same, the increase in disability pay had an adverse impact on Vera, who is prohibited under federal law from sharing in David's disability benefits. In its February 9, 2004, ruling, however, the trial court refused to recognize the increase in David's disability benefits and the equal decrease in his military retirement pay. The trial court calculated the military retirement arrearage owed to Vera based on David's retirement pay before the increase in his disability benefits and the corresponding decrease in his military retirement pay. In so doing, the trial court erred. See Konieczny v. Konieczny (March 27, 1998), Clark App. No. 97 CA 83. Vera is entitled to only 34.6 percent of the military retirement pay that remains after it is reduced to account for David's sixty percent disability. On remand, the trial court is directed to recalculate David's retirement pay arrearage by taking into consideration his increased disability benefits. David's fourth assignment of error is sustained.
 {¶ 14} In his fifth assignment of error, David contends the trial court abused its discretion by finding him in contempt. He argues that he cannot be held in contempt for failing to pay spousal support that is excessive given his lack of employment. He also argues that the trial court cannot hold him in contempt for exercising his right to apply for VA disability benefits. We find no merit in these arguments. As noted above, the trial court did not abuse its discretion in refusing to modify David's spousal support obligation. It follows, then, that David can be held in contempt for failing to satisfy that obligation. As for the VA disability benefits issue, David cites nothing to establish that the trial court held him in contempt for applying for such benefits. Rather, it appears to us that he was held in contempt for failing to fulfill his obligation to provide Vera with spousal support and her share of his military retirement benefits. Accordingly, we overrule his fifth assignment of error.
 {¶ 15} David's sixth through ninth assignments of error are related, and we will address them together. In these assignments of error, David argues that the trial court lacked the authority to order him jailed for contempt because he had appealed from, among other things, the order finding him in contempt. He also contends the trial court should have determined his ability to pay his arrearage and should have considered his proposal for repayment of the arrearage before ordering him jailed.
 {¶ 16} Upon review, we agree that the trial court overlooked David's proposal for repayment of his arrearage over time. Prior to ordering David jailed, the trial court stated that it would consider suspending his sentence and permit him to purge the contempt by paying the arrearage. The trial court also offered David an opportunity to submit a proposed payment schedule to satisfy the arrearage over a reasonable time. David responded by filing the following proposed payment schedule: "The Plaintiff will pay from his VA disability income $100.00 per month toward the arrearages. The Plaintiff's obligation for spousal support ends December 2004. At that point the court can continue to receive the maximum amount from the Plaintiff's military retirement to pay the arrearages. This will pay approximately $350-$400 per month." (Doc. #77 at 2). In a subsequent entry ordering David incarcerated, however, the trial court mistakenly stated that he had not submitted a payment plan on the arrearage issue. (Doc. #85).
 {¶ 17} In light of the trial court's failure to consider David's proposed payment plan, we will sustain his sixth through ninth assignments of error, insofar as they challenge the trial court's April 26, 2004, order directing him to begin serving a thirty-day jail sentence for civil contempt of court. That order is hereby vacated, and the trial court is instructed to consider David's proposed payment plan, in light of his ability to pay the arrearage, before deciding whether to impose a jail sentence.
 {¶ 18} Based on the reasoning set forth above, the trial court's judgment is hereby affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this opinion.
FAIN, J., concur.
[1] It appears that David already had obtained a VA disability waiver when the final decree of divorce was filed. Thereafter, he merely had it increased to $810 per month. (Doc. #71 at 3).